**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMES ALLEN BYRD,**

    **Plaintiff,**

v.                                                             **CASE NO. 4:06-cv-00375-WS-AK**

**CHARLES V CRIST,
STATE OF FLORIDA,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that state rules of evidence used at his criminal trial which culminated on May 11, 1994, were unconstitutional. (Doc. 1). Plaintiff claims that he was not allowed to present evidence routinely allowed other similarly situated criminal defendants and that this action violated his right to equal protection of the law. (Doc. 1). He denies that he is challenging the validity of his conviction or that he seeks damages, rather he seeks as relief a declaratory judgment that the state rules of evidence are unconstitutional and injunctive relief against the state to stop any unconstitutional actions against him in the future relative to his case. (Doc. 1).

**I.    Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines

v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

## II.    Limitations Period

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).

Additionally, the expiration of the statute of limitations warrants § 1915 dismissal. Clark v. Georgia Pardons and Parole Bd., 915 F.2d 636, 641, n. 2 (11th Cir. 1990). Although the length of the time period is determined by state law, when a § 1983 action

accrues is a question of federal law.  <u>Mullinax v. McElhenney</u>, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited).  The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury.  *Id.*

Plaintiff alleges that his criminal trial concluded in May 1994, over **ten** years ago.  Although the complaint lacks any specificity regarding the precise rule of evidence Plaintiff claims was unconstitutional or what the evidence at issue was, obviously Plaintiff had reason to know that the rules that operated against him were applied during his trial.  Thus, the limitations period regarding any claims raised in the present complaint have expired and should be dismissed.

### III.	Relief

Further, although Plaintiff claims that he is not contesting the validity of his conviction, any ruling by this Court as to the unconstitutionality of the evidence presented against him at trial could necessarily result in a finding that the trial itself was unconstitutional and warrant relief in the form of habeas corpus.  This type of relief should be sought via a petition under 28 U.S.C. §2254 and should be reviewed for issues of exhaustion, which are not properly set forth in the complaint filed in this cause.  Thus, the complaint also fails to state a claim for relief and should be dismissed on this ground also.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint (doc. 1) be **DISMISSED** as time barred under the applicable statute of limitations, and for failure to state a claim upon which relief may be granted pursuant to

28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Gainesville, Florida, this **4th** day of January, 2007.

        **s/ A. KORNBLUM**
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**
        **4:06-CV-375-WS/AK**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.